## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KILEEN HEINDENREITER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-CV-0681-CVE-PJC |
| ) | |
| **UNUM LIFE INSURANCE COMPANY OF** ) | |
| **AMERICA, a foreign insurance company,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## **OPINION AND ORDER**

Before the Court is plaintiff's brief on entitlement to right to trial by jury (Dkt. # 13), defendant's response (Dkt. # 14) and plaintiff's reply (Dkt. # 15).

Plaintiff seeks a jury trial on her ERISA claim. Plaintiff claims that this is nothing more than a contractual dispute seeking monetary damages under a contract. ERISA does not specifically state whether a jury should be utilized to decide claims for relief under the Act. Zimmerman v. Sloss Equip., Inc., 72 F.3d 822, 829 (10th Cir. 1995). However, plaintiff's claim against Unum Life Insurance Company is governed by ERISA, which allows for equitable relief only, and therefore plaintiff does not have the right to a jury trial on her ERISA claim. Adams v. Cyprus Amax Minerals Co., 149 F.3d 1156, 1158-59 (10th Cir. 1998) (holding that the relief granted by ERISA is equitable in nature and that plaintiffs are not entitled to a jury trial on ERISA claims); see also Thomas v. Oregon Fruit Products Co., 228 F.3d 991, 996-97 (9th Cir. 2000) (collecting citations discussing equitable nature of relief in ERISA cases).

Plaintiff relies on Great-West & Annuity Insurance Company v. Knudson, 534 U.S. 204 (2002), to circumvent the well-established rule that a jury trial is not available for an ERISA claim.

In Great West, an insurer attempted to file a subrogation action against its beneficiaries under 29 U.S.C. § 1132(a)(3). The Supreme Court held that the specific type of restitution requested by the insurance company was based purely on contract, and therefore the nature of the relief sought was legal. Since the insurer was seeking a legal remedy, the Supreme Court held that ERISA did not provide the insurer a cause of action. Id. at 221. There was no issue in Great West as to whether 29 U.S.C. § 1132(a)(1)(B) authorizes a plaintiff to seek a jury trial in an ERISA case.

Tenth Circuit precedent does not support plaintiff's request for a jury trial, and other circuit courts that have considered the issue have found that section 1132(a)(1)(B) does not provide a plaintiff the right to a jury trial. Adams, 149 F.3d 1156; Sullivan v. LTV Aerospace & Defense Co., 82 F.3d 1251, 1257-59 (2nd Cir. 1996); Cox v. Keystone Carbon Co., 861 F.2d 390, 394 (3rd 1988); Berry v. Ciba-Geigy Corp., 761 F.2d 1003, 1007 (4th Cir. 1985); In re Vorpahl, 695 F.2d 318, 320-21 (6th Cir. 1982); Calamia v. Spivey, 632 F.2d 1235, 1237 (5th Cir. 1980); Wardle v. Central States, Southeast and Southwest Areas Pension, 627 F.2d 820, 829 (7th Cir. 1980). Great West does not change this result, as that decision concerned the insurance company's right to bring a subrogation claim for relief under a contract theory, not the statutory relief sought by an individual beneficiary under an ERISA plan. The relief plaintiff seeks is equitable in nature and plaintiff has no Seventh Amendment right to a jury trial on her ERISA claim.

**IT IS THEREFORE ORDERED** that plaintiff's request for trial by jury (Dkt. # 13) is **denied**.

**DATED** this 30th day of May, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT